BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
BRANDON E. MARTINEZ-JONES (Cal. Bar No. 318749)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012s
     Telephone: (213) 894-7167
     Facsimile: (213) 894-0141
     Email:    brandon.martinez-jones@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>              v.<br><br>TIFFANY DANA POLLARD,<br><br>          Defendant. | No. 2:23-CR-643-MCS<br><br>REPLY IN SUPPORT OF GOVERNMENT'S MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF UNCHARGED SEIZED FIREARMS AS INEXTRICABLY INTERTWINED AND, IN THE ALTERNATIVE, UNDER RULE 404(b); EXHIBIT A THERETO<br><br>Hearing Date: Aug. 13, 2025<br>Hearing Time: 2:00 P.M.<br>Location:    Courtroom of the<br>             Hon. Mark C. Scarsi |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Brandon E. Martinez-Jones, hereby files its Reply in Support of Government's Motion in Limine No. 2 to Admit Evidence of Uncharged Seized Firearms as Inextricably Intertwined and, in the Alternative, Under Rule 404(b).

This reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 9, 2025

Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

          /s/
BRANDON E. MARTINEZ-JONES
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

All of the items at issue in this motion--the pistol, silencer, and ammunition referenced in the indictment and the two AR-style rifles and high-capacity magazine not so referenced--were found in the exact same place, at the exact same time, under the exact same circumstances: on a shelf in defendant's bedroom closet, in an apartment in which she admitted she lived alone, during a search of that apartment. Indeed, under the version of events that defendant gave law enforcement (and that defendant wishes to be able to assert at trial, see Dkt. 52), all of these items, both charged and uncharged, had come to reside in her bedroom closet the same exact way: when an ex-boyfriend of hers left them in her care a decade prior. This is precisely the kind of scenario to which the doctrine of inextricably intertwined evidence applies. And in any case, because the charged and uncharged items were all found in the same place under the same circumstances, the latter items are highly probative under Federal Rule of Evidence 404(b) to prove knowledge and disprove a defense of mistake or accident as to the former items.

**II.   ARGUMENT**

**A.   Evidence of the Uncharged Items Is Inextricably Intertwined**

As a threshold matter, the Court should reject defendant's cramped interpretation of the doctrine of inextricably intertwined evidence. The touchstone of the "inextricably intertwined" analysis is whether "the acts in question are so interwoven with the charged offense that they should not be treated as other crimes or acts for purposes of Rule 404(b)." United States v. Loftis, 843 F.3d 1173, 1177 (9th Cir. 2016). Thus, other-acts evidence is inextricably

intertwined first when "it constitutes a part of the transaction that serves as the basis for the criminal charge" on trial or, second, when it is necessary "to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." Id. at 1177-78 (citation omitted).

Contrary to the defense's argument, the Ninth Circuit has never interpreted this first category to include only other-acts evidence relating to financial or other transactions between the defendant and some other party, such as in a wire- or bank-fraud case. Dkt. 51 (Def. Opp.) at 5-6. Indeed, the Ninth Circuit has recognized that other-acts evidence may constitute a part of the same "transaction" for purposes of the doctrine of inextricably intertwined evidence when the evidence relates to criminal transactions in the literal sense or when it relates to the same "criminal episode" or occurrence. United States v. Lillard, 354 F.3d 850, 854 (9th Cir. 2003) (citation omitted). For example, in United States v. Fontenette, 139 F. App'x 813, 814 (9th Cir. 2005), the Ninth Circuit affirmed the admission of evidence that a defendant on trial for possessing a firearm had committed an assault while in possession of the gun. Rejecting an argument that evidence of the assault was not inextricably intertwined with the charged possession count, the Court held both that "the assault and the possession were part of the same criminal episode"--what Loftis and other fraud-related cases have described as the same "transaction"--and that "the assault evidence also allowed the Government to present a coherent and comprehensible story" at trial. Id. The same is true here: defendant possessed the charged pistol, ammunition, and silencer at the same time, in the same place, and under the same circumstances as the uncharged rifles

2

and magazine.  They therefore are all interwoven parts of the same criminal episode.

In any case, even were defendant's casting of the doctrine accurate, evidence of the uncharged rifles and magazine still constitute part of the same transaction under her rubric.  Defendant's own version of events is that she had possessed the firearms, ammunition, and other items found in her closet for ten years after an ex-boyfriend left them with her and never retrieved them.  She opposes the government's motion to exclude argument or evidence of this irrelevant narrative, indicating implicitly her intention to assert it at trial.  <u>See</u> Dkt. 52.  Assuming defendant's narrative is true, then the charged and uncharged items found in her closet have not only "similar origins," Dkt. 51 (Opp.) at 5, but in fact originated from the same "transfer of goods" and "communicative action or activity involving two parties," <u>id.</u> (citing dictionary definitions of the word "transaction").

Defendant's arguments on the second prong of the doctrine are similarly meritless.  Because the charged items were found in exactly the same place as the uncharged items, excluding evidence of the latter would render the government's evidence of the former incoherent.  For one thing, defendant's admissions during her <u>Mirandized</u> interview, in which both she and the officers interviewing her referred to "guns" in the plural, would become hopelessly confusing were the testimony of the government's witnesses curtailed only to discussion of one gun.  So would other important elements of the government's case, such as the photographs of the seized items that law enforcement took at the scene.  The photographs attached as Exhibit A, for instance, document the shelf in defendant's closet

3

where the boxes and bags containing the charged and uncharged items were discovered and many of those items as they were in the process of being found. Excluding evidence of the uncharged items would therefore misleadingly truncate and muddle the government's case, running headlong into the principle that the "prosecution is not restricted to proving in a vacuum the offense of possession of a firearm by a felon." United States v. Daly, 974 F.2d 1215, 1216-17 (9th Cir. 1992); see also United States v. Andujo, 2019 WL 4195887, at *2 (C.D. Cal. Sept. 4, 2019) (Fischer, J.) (noting in dictum that evidence that defendant's uncharged "firearms and weapons were found at the same time and in the same place as the purported [charged] silencers . . . provides some context to the underlying charges, and may help the presentation of a coherent story, as well as to establish possession and knowledge").

### B.   Defendant's Rule 404(b) Arguments Are Meritless

Defendant's arguments under Rule 404(b) rest on the fundamental misapprehension that because the defense may make arguments to explain away the items (both charged and uncharged) found in defendant's closet, the government's contrary arguments regarding the uncharged items are of "no probative value." Dkt. 51 (Opp.) at 7. The defense's contentions that, for example, the presence of the uncharged rifles in defendant's closet makes it less likely that defendant knew she had a pistol, ammunition, and a silencer in the same closet (see id. at 7 n.3) are utterly implausible. But in any case, these arguments ignore that evidence is admissible under Rule 404(b) so long as it "tends to prove a material point" and satisfies the rule's other criteria, even if the weight and meaning of the evidence is subject to hot dispute at trial. See, e.g., Andujo, 2019

4

WL 4195887, at *2-4 (at trial for possession of silencers, admitting under Rule 404(b) evidence that defendant also possessed firearms, magazines, and other items because they were "probative of his knowledge of firearms" and "jury could reasonably conclude that someone with such a substantial interest in firearms would also know that the purported silencers could, in fact, be used as silencers"). The defense is free to offer its improbable counter-narratives to the jury. They do nothing to preclude evidence of the uncharged rifle and magazine under Rule 404(b).[1]

**C.   Rule 403 Does Not Preclude Evidence of the Uncharged Items**

Admitting evidence of the uncharged items would not run afoul of Rule 403. Because defendant possessed all the seized items in her bedroom closet simultaneously, the jury will necessarily hear evidence that defendant possessed at least one firearm, ammunition, and a silencer. There is thus nothing about the uncharged items that is likely to incrementally inflame the jury, let alone substantially outweigh their probative value. See, e.g., Daly, 974 F.2d at 1216-17 (finding "meritless" defendant's argument that admitting evidence of him engaging in a shoot-out to prove felon-in-possession charge violated Rule 403).

**III. CONCLUSION**

This Court should grant the government's motion in limine.

---

[1] Defendant's Rule 404(b) arguments only underscore that the charged and uncharged items are so factually interwoven as to be inextricably intertwined. When litigating the latter doctrine, the defense contends that "[t]here is not even evidence that the firearms have similar origins, or were placed near one another around the same time." Dkt. 51 (Opp.) at 5. But when litigating Rule 404(b), defendant acknowledges that "the uncharged firearms [were] found in the same place at the same time" and "subject to the exact same circumstances." Id. at 7 & n.2.

5